CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1870.

### J. M. RITCHEY v. O. RISLEY ET AL.

MECHANIC'S LIEN.—Under the statute of 1853, the lien of the builder commences at the filing of the notice.

RELATION.—The lien of the mechanic may relate back to the commencement of the building, but it is not a lien until the notice is filed.

COEXISTING LIENS.—A sale under the statute of 1853 upon a foreclosure of the mechanic's lien, is intended to pass a title free from all liens created after the commencement of the work.

PRIVIES.—Judgments and decrees bind only parties and privies.

THE plaintiff sues to foreclose a lien for lumber furnished in the construction of the house of Caroline, the wife of David Wittenberg, at the request of the husband and wife; the plaintiff having filed notice of his lien on May 28, 1869.

O. Risley, alone defends. He claims title, as purchaser, under a decree of foreclosure rendered in this court, foreclosing a lien of O. D. Buck, for work and labor done in the construction of the same building. Notice of the lien of said Buck having been filed April 19, 1869, suit commenced May 3d, and decree rendered July 24, 1869.

The plaintiff moved to strike out all that part of the answer which sets up title under the lien of O. D. Buck.

The merit of this part of the answer was argued as upon demurrer.

*Mason & Gardner,* for the plaintiff, cite 23 Cal. 208 and 522; 33 Cal. 497.

*Bronaugh & Bybee,* for the defendants.

Upton, J.   The points involved in the argument are whether one who holds an unrecorded mechanic's lien is entitled to be made defendant in a suit to foreclose.   And whether, not being made a defendant, he is still entitled to hold a lien on the building, under the statute of 1853, after foreclosure by another, of a lien coexisting under the same statute.   The lien law of California, passed in 1866, differs from ours in some particulars.   The first section provides that all artisans, builders, etc., "shall have a lien on the building," and section 5 provides that "*from the time* of such filing all persons shall be deemed to *have notice* therof." (Wood's Dig. 537.)   Our statute (Code p. 763) provides, that persons performing labor, etc., "shall *upon filing* the notice prescribed in the next section *have a lien* upon such building."   Section 7 gives mechanics' liens a preference "over all other liens *after the commencement* of the building," and provides, if the proceeds are insufficient to pay all, that the court shall order them to be paid *pro rata.*

The California act provides for bringing in lien holders by publication of a notice, while our statute merely gives them an option to come in as parties.

In California, it is held that the lien attaches from the time of the commencement of the work; that, I think is the obvious construction of that statute, but its language differs so materially in this respect from ours, that the decisions under it afford but little aid in arriving at a proper construction on this point.

I think, that under our act, the plaintiff had no lien until he filed his notice. He may have had such rights, as against other mechanics and material men, that had he made himself a party to the suit, his lien, although notice of it was not filed until after the suit was commenced, might have been en-

titled to a *pro rata* distribution of the proceeds of the sale on foreclosure. Filing the notice gives the lien; it may then relate back to the commencement of the building, but it is not a lien until the notice is filed. When the notice is filed and the claim becomes a lien, the holder becomes entitled to a *pro rata* distribution of the proceeds of sale, unless he has in some manner waived the right.

But I think it the intent of the legislature that a sale under a lien for work done or materials furnished in the construction of a building, should pass a title free from all liens created after the commencement of the work; and that if the plaintiff has any claim in consequence of his filing notice, it is for a share of the proceeds of the sale.

It is urged that one who is not a party is not bound by a decree. The rule is, that judgments and decrees bind only parties and privies. At the time of the commencement of the foreclosure suit, the plaintiff in this suit had a claim against the owners personally. Afterwards, he filed his notice, and obtained the right of holding a lien. This right he obtained from the owner. He obtained it through his contract with the owner, and by his own act of filing the lien. At the filing, some of the rights of the owner in the property passed to this plaintiff. To that extent he is a privy, and is bound by that which binds the person through whom he acquired his lien.

If the present plaintiff's notice of lien had been filed before the original suit was commenced, and had his lien then attached, it might well be said it could not be divested without notice to, or service of process on, the holder of the lien; (1) but by filing his notice during the pendency of the suit, he placed himself in a position somewhat similar to that of a purchaser *pendente lite.*

It would lead to great confusion of titles, or of priorities of claim, and would greatly depress the prices to be obtained for property at judicial sales, to allow repeated sales of the same property on co-existing liens; and the language of section seven of the act, is certainly against such a course.

The answer should be allowed to stand.

---

1. *Besser* v. *Hawthorn, ante,* p. 129.